IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40968
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SANCHEZ CONSUEGRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-137-7
--------------------
May 9, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to possession of more than 100 kilograms of marijuana with the intent to distribute and aiding and abetting the use of a firearm during a drug-trafficking crime, David Sanchez Consuegra argues on appeal that his plea to the firearms offense should be vacated because the record evidence does not establish his guilt. He further argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel was ineffective for advising him to plead guilty to the firearms charge.

In connection with his plea, Consuegra acknowledged that he and eight codefendants robbed a drug dealer of a large quantity of marijuana and that he was aware that three codefendants carried firearms during the robbery. During the course of the robbery, members of the victim's family were held at gunpoint and the drug dealer was shot. This evidence amply supports Consuegra's plea of guilty to the firearms violation. See United States v. Harris, 25 F.3d 1275, 1278-79 (5th Cir. 1994). As a clerical matter, we AMEND THE JUDGMENT to reflect that Consuegra pleaded guilty to aiding and abetting the use and carrying of a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(a)(A)(i).

Although as a general rule we do not address claims of ineffective counsel on direct appeal, the record is adequate for us to do so in this case. As the record establishes that Consuegra is guilty of aiding and abetting the use of a firearm during a drug-trafficking offense, counsel was not ineffective for advising him to enter a plea to that charge. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

AFFIRMED AS AMENDED.